FILED

17 MAY 12 AM 8:40

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____PD_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**DARNELL LEE DELK,**
        Petitioner,

-vs-                                                                                                                          Case No. A-16-CA-1066-SS

**LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division,**
        Respondent.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner Darnell Lee Delk (Delk)'s Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 [#1], Respondent Lorie Davis (Respondent)'s Answer [#6], and Delk's Reply [#8]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

Petitioner Darnell Delk is in state custody pursuant to three judgments and sentences: a 1985 aggravated robbery conviction, for which he was given 90 years' imprisonment; a 1992 conviction for aggravated assault on a correctional officer, for which he was sentenced to 18 years' imprisonment; and a 1993 conviction for possession of a deadly weapon in a penal institution, for which he received seven years' imprisonment.

In his habeas petition, Delk does not challenge the validity of his convictions or sentences; rather, he challenges his most recent denial of parole, which occurred on February 23, 2015. The



Parole Board listed reason 2D as the justification for the denial. Resp. [#6-3] Ex. C (Valdez Aff.) at 3. A 2D denial means the Parole Board found Delk's "record indicates the instant offense has elements of brutality, violence, assaultive behavior, or conscious selection of a victim's vulnerability indicating a conscious disregard for the lives, safety, or property of others, such that the offender poses a continuing threat to public safety." *See* TEX. BOARD OF PARDONS AND PAROLES, http://www.tdcj.state.tx.us/bpp/what_is_parole/reasons.htm (last visited May 8, 2017). Delk was notified of the Parole Board's decision on February 24, 2015. Valdez Aff. at 3.

Although Delk has filed numerous habeas petitions on other issues, Delk first challenged the February 2015 parole decision on July 27, 2015, in a state application for habeas relief. *See Ex parte Delk*, Appl. No. 21,415-12. The Texas Court of Criminal Appeals dismissed the application as successive on September 30, 2015. *See id.*. Delk next filed a federal petition with this Court on December 14, 2015, in Cause No. A-15-CV-1168-SS, which the Court dismissed without prejudice for failure to exhaust state remedies on April 15, 2016. While Cause No. A-15-CV-1168-SS was pending, Delk filed a second state habeas application on April 11, 2016. *See Ex parte Delk*, Appl. No. 21,415-13. State Record [#7-3]. This second application was dismissed as noncompliant on June 8, 2016, for failure to follow the Texas Rules of Appellate Procedure. State Record [#7-2]. Delk subsequently filed a third state application on June 21, 2016. *See Ex parte Delk*, Appl. No. 21,415-14. State Record [#7-5]. The Court of Criminal Appeals dismissed it as an abuse of writ on August 24, 2016. State Record [#7-4]. The instant federal habeas petition, filed on September 8, 2016, followed. Pet. [#1].

Delk claims the Parole Board's denial of parole violated his right to due process (1) by relying on the nature of Delk's crimes, which were committed years ago; (2) failing to explain its

finding Delk is a threat to public safety; and (3) applying an arbitrary standard, which ignores rehabilitation achievement. Delk also claims the Parole Board violated his right to equal protection by not treating him the same as other parolees and violated his right to be free from double jeopardy by imposing an additional sentence or punishment based on the same criminal episodes for which his original sentences were given. In opposition, Respondent claims Delk's petition is time-barred and, alternatively, fails to state a claim cognizable on federal habeas review.

## Analysis

### I. Legal Standard—The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)

As the United States Supreme Court noted in *Harrington v. Richter*, 131 S. Ct. 770, 783–85 (2011), the starting point for any federal court reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims under § 2254 are generally subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). The AEDPA limitations period runs from the latest of four different events: (1) when "the judgment became final," (2) when "the impediment to filing an application created by the State action in violation of the Constitution and

laws of the United States is removed, if the applicant was prevented from filing by such State action," (3) when "the constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review," or (4) when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* Yet, the limitations period is tolled by statute when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). A state habeas application is pending from the day it is filed through the day on which it is decided. *Windland v. Quartman*, 578 F.3d 314, 315 (5th Cir. 2009). By contrast, federal habeas corpus review does not toll the one-year limitations period. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

## II. Application

### A. AEDPA Statute of Limitations

Respondent claims Delk's petition is time-barred. Delk does not challenge his holding convictions, allege there was an impediment to filing a habeas application, or claim the Supreme Court recognized a latent constitutional right. Thus, the date the limitations period began to run is the date on which the factual predicate of Delk's claims could have been discovered. *See* 28 U.S.C. § 2244(d)(1)(D). As Delk was notified of the Parole Board's denial of parole on February 24, 2015, the limitations period would have expired one year later, on February 24, 2016, absent statutory tolling.

Delk filed his first state habeas petition following the February 2015 parole decision on July 27, 2015, which was dismissed as successive on September 30, 2015. The one-year statute of limitations was tolled while the first state petition was pending, extending Delk's deadline by 65 days. *See Mathis v. Thaler*, 616 F.3d 461, 472 (5th Cir. 2010) (noting that a successive state petition,

even if dismissed as an abuse of the writ, would be deemed "properly filed" such that the statute of limitations would have tolled while it was pending in state court); *see also Windland*, 578 F.3d at 317 (5th Cir. 2009) ("Applying the plain language of the statute, we hold that a state petition for habeas relief is 'pending' for AEDPA tolling purposes on the day it is filed through (and including) the day it is resolved."). This extended Delk's deadline to file a federal petition until April 29, 2016.

On December 14, 2015, Delk filed his first federal habeas petition contesting the February 2015 parole decision, which this Court dismissed for failure to exhaust state remedies on April 15, 2016, in Cause No. A-15-CV-1168-SS. Delk's federal habeas petition did not toll the AEDPA statute of limitations. *See Duncan*, 533 U.S. at 181–82.

Delk filed a second state application on April 11, 2016, while his first federal petition was pending. The Court of Criminal Appeals dismissed the application as non-compliant on June 8, 2016. Delk's second state application did not operate to toll the limitations period, because it was not properly filed. An improperly filed state habeas petition has no effect on the one-year time-bar. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.").

Therefore, Delk's one-year limitations period expired on April 29, 2016, while his second improperly filed state application was pending. Although Delk filed a third state application, his application was not filed until June 21, 2016, after the limitations period had already expired. Delk's third state application did not operate to toll the limitations period, because it was filed after the limitations period had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period). Accordingly, Delk's current federal petition is time-barred unless Delk can establish he is entitled to equitable tolling.

## B. Equitable Tolling

Although the AEDPA's one-year statute of limitations is not jurisdictional and may be equitably tolled, a habeas petitioner is entitled to equitable tolling only if he shows "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2561 (2010) (internal quotation marks and citation omitted). In analyzing these factors, a court must consider the individual facts and circumstances of each case to determine if equitable tolling is appropriate. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Equitable tolling is not intended for those "who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 & n.14 (5th Cir. 1999). While only reasonable diligence, not maximum feasible diligence, is required for equitable tolling, *see Holland*, 130 S.Ct at 2565, Delk failed to exercise reasonable diligence here. Delk waited nearly five months before filing his first state petition challenging the February 2015 parole decision. After the state court dismissed his first petition as successive, Delk waited 74 days before filing his first federal habeas petition. It was Delk's error to file in federal court before exhausting his state remedies. Delk's ignorance of the law and the habeas process does not excuse his late filing and thus does not merit equitable tolling. *See Fisher*, 174 F.3d at 714 (stating that ignorance of the law, even for an incarcerated *pro se* petitioner, does not excuse delayed filing even where inquiry could not have yielded the necessary knowledge). Thus, Delk is not entitled to equitable tolling, and the instant federal habeas petition is time-barred and must be dismissed with prejudice.

## C. Denial of Parole

Even if Delk's current federal habeas petition was not time-barred, Delk's challenge of the February 2015 parole decision does not furnish a basis for federal habeas corpus relief.

The United States Constitution does not create a liberty interest in parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Likewise, Texas law makes parole discretionary and does not create a liberty interest in parole protected by the Due Process Clause. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995); *see also Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Because Texas inmates have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures. *Johnson*, 110 F.3d at 308 (stating that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds). It is entirely up to each State whether it chooses to create a parole system and the amount of discretion with which it entrusts its parole decisionmakers.

Parole is a privilege, not a right, even after an inmate accrues the minimum amount of time-served credit necessary to be eligible for parole. *See Greenholtz*, 442 U.S. at 7 (convicted persons have no constitutional right to be conditionally released before the expiration of a valid sentence); 37 TEX. ADMIN. CODE § 145.3(1) ("Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release as defined by statutory law."). An inmate who has met the minimum requirement for time served under the applicable parole eligibility statute is not automatically entitled to be released on parole; rather, he is only entitled to a review to determine whether or not he will be released on parole. *See* 37 TEX. ADMIN. CODE § 145.3(1) ("[T]he parole decision maker is vested with *complete discretion* to grant, or to deny parole release . . . .") (emphasis added); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995) (because a prisoner has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions). Because Delk has no liberty

interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions. *Orellana*, 65 F.3d at 31.

In addition, under Texas state law, the Parole Board is required to give a prisoner notice of its decision on an application for parole, as well as the reasons why parole was denied in clear, understandable language that contains only the specific reasons why the prisoner, in particular, was denied parole and not other reasons that do not apply to the prisoner. *Ex parte Sepeda*, 506 S.W.3d 25, 28 (Tex. Crim. App. 2016). The court in *Sepeda* made clear that section 508.1411 of the Texas Government Code did not give rise to a federal constitutional due process right. *Id.*, at 26-27 ("We hold that ... § 508.1411 does not create a liberty interest protected by due process.").

Similarly, Delk's equal protection claim fails. To establish an equal protection claim, a party "must prove the existence of purposeful discrimination motivating the state action which caused the complained-of injury." *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997) (internal quotations omitted). Delk has failed to meet this burden. Rather, he simply asserts that, in general, his rehabilitation efforts in prison are being ignored and he is not being treated the same as other candidates for parole. His conclusory allegations of unfairness are simply not enough. *See Clark v. Owens*, 2010 WL 1286867, at *1 (5th Cir. Mar. 21, 2010) (finding conclusory assertions inmate was treated differently than other similarly situated inmates in repeated denials of parole insufficient to state equal protection claim); *Kyles v. Garrett*, 222 F. App'x 427, 429 (5th Cir. 2007) (noting prisoner's conclusory allegations others similarly situated had been granted parole were insufficient to state equal protection claim); *see also Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (reiterating that plaintiff alleging equal protection claim must show he has been intentionally treated differently from others similarly situated and there is no rational basis for difference in treatment). Accordingly, Delk has failed to show he is entitled to habeas relief on this basis.

Finally, Delk's double jeopardy claim fails because "denial of release on parole is not an additional punishment." *Olstad v. Collier*, 326 F. App'x 261, 265 (5th Cir. 2009) (citation omitted).

Thus, even if Delk's claims were not time-barred, they do not warrant federal habeas relief.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant.

A COA may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of Delk's § 2254 petition on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484)). Thus, a certificate of appealability shall not issue.

## Conclusion

Accordingly:

IT IS ORDERED that Petitioner Darnell Lee Delk's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 [#1] is DISMISSED WITH PREJUDICE as time-barred;

IT IS ALTERNATIVELY ORDERED that Petitioner Darnell Lee Delk's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 [#1] is DENIED on the merits; and

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 11th day of May 2017.

*Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE